AO 245B   *(CAN Rev. 11/21/13)*
(Rev. 09/11) Judgment in Criminal Case
Sheet 1

**Replace as Amended J&C**

# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>v.<br>**DEVON HENRIQUE PAJAS** | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number: 0971 5:12CR00724-001 LHK<br>) BOP Case Number: DCAN512CR00724-001<br>) USM Number: 17685-111<br>) Defendant's Attorney:<br>  Cynthia Chin Young Lie  (AFPD) |

# FILED

JAN 2 8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**THE DEFENDANT:**

☑ pleaded guilty to count(s): 1 _____
☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.
☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section ⬚ | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(k) | Possession of a Weapon with an Obliterated Serial Number | 6/7/2012 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☑ Count(s) 2 _____   ☑ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/22/2014
_____
Date of Imposition of Judgment

*Lucy H. Koh*
_____
Signature of Judge
The Honorable Lucy H. Koh
United States District Judge
_____
Name & Title of Judge

1/27/14
_____
Date

**Print Document**   **Save As...**
**Reset Document**   **Reset this page**

*(CAN Rev. 11/21/1)*

AO 245B   (Rev. 09/11) Judgment in Criminal Case

---

DEFENDANT:  DEVON HENRIQUE PAJAS

CASE NUMBER:   0971 5:12CR00724-001 LHK

Judgment - Page   2   of   6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
   18 months

☐    The Court makes the following recommendations to the Bureau of Prisons:

☑    The defendant is remanded to the custody of the United States Marshal.  The appearance bond is hereby exonerated.

☐    The defendant shall surrender to the United States Marshal for this district:

      ☐    at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

      ☐    as notified by the United States Marshal.

    The appearance bond shall be deemed exonerated upon the surrender of the defendant.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐    at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

      ☐    as notified by the United States Marshal.

      ☐    as notified by the Probation or Pretrial Services Office.

    The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Reset this page

*(CAN Rev. 11/21/1*
AO 245B   (Rev. 09/11) Judgment in Criminal Case
Sheet 3 -- Supervised Release

| DEFENDANT: DEVON HENRIQUE PAJAS | Judgment - Page 3 of 6 |
|---|---|
| CASE NUMBER: 0971 5:12CR00724-001 LHK | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
One year

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Reset this page

AO 245B   (Rev. 09/11) Judgment in Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:  DEVON HENRIQUE PAJAS
CASE NUMBER:  0971 5:12CR00724-001 LHK

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until such time as the defendant is released from treatment by the probation officer. The defendant is to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of urinalysis and counseling. The actual co-payment schedule shall be determined by the probation officer.

2. The defendant shall participate in a mental health treatment program, as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

3. The defendant shall abstain from the use of all alcoholic beverages.

4. The defendant shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

5. Upon release from confinement, the defendant shall reside for a period of up to six months, in a RRC and shall observe the rules of that facility, unless transferred to another agency or discharged by the supervising probation officer. The Court recommends preferential placement at the RRC in Salinas, California, or residential treatment placement at New Bridge Foundation in Berkeley, California.

6. The defendant shall participate in education, vocation, community service, or employment services, as directed by the probation officer.

7. The defendant shall not associate with any member of the VGN TLS, "Varrio Grinfas Norte Tiny Locos" gang or any other Norteno gang. The defendant shall have no connection whatsoever with the VGN TLS or any other gang, except as approved by the probation officer. If he is found to be in the company of such individuals or wearing the clothing, colors, or insignia of a VGN TLS, or any other gang, the court will presume that the association was for the purpose of participating in gang activities. This condition shall not prevent contact, directly or indirectly, with Misty Diana Jimenez to facilitate visitation with their minor child, "LJP."

8. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

9. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

Reset this page

AO 245B   (Rev. 09/11) Judgment in Criminal Case
　　　　　Sheet 5 — Criminal Monetary Penalties

| Judgment — Page | 5 | of | 6 |
|---|---|---|---|

DEFENDANT:  DEVON HENRIQUE PAJAS
CASE NUMBER:  0971 5:12CR00724-001 LHK

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ Waived | $ N/A |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $0.00 | $0.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐  the interest requirement is waived for the    ☐  fine   ☐  restitution.

　　☐  the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Reset this page

(CAN Rev. 11/21/1
AO 245B   (Rev. 09/11) Judgment in Criminal Case
Sheet 6 -- Schedule of Payments

| | |
|---|---|
| DEFENDANT:  DEVON HENRIQUE PAJAS | Judgment - Page ___6___ of ___6___ |
| CASE NUMBER:  0971 5:12CR00724-001 LHK | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

A ☐   Lump sum payment of _____$100.00_____ due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance ☐ C, ☐ D, ☐ E, and/or ☐ F below; or

B ☑   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

C ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____
        (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____
        (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of
        supervision; or

E ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑   Special instructions regarding the payment of criminal monetary penalties:

        Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San
        Francisco, CA 94102, in $25 quarterly payments, the first of which is due within 120 days of release from custody.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
**Case Number**

| Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

☐   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of
     all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect**
     **the defendant's responsibility for the full amount of the restitution ordered.**

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.